**In re Jeffrey A. FOLDENAUER, Holly Ann Foldenauer, Debtors.**

No. 08–35831.

United States Bankruptcy Court, D. Minnesota.

April 22, 2009.

Howard A. Lazarus, Burnsville, MN, for Debtors.

**ORDER OF DISMISSAL**

DENNIS D. O'BRIEN, Bankruptcy Judge.

At St. Paul, Minnesota.

This matter came before the Court on the United States Trustee's motion to dismiss pursuant to 11 U.S.C. § 707(b)(1) based upon the presumption of abuse under § 707(b)(2) or alternatively based upon the totality of the circumstances under § 707(b)(3). Michael R. Fadlovich appeared on behalf of the Unites States Trustee. Howard A. Lazarus appeared on behalf of the debtors.

At the conclusion of the hearing, the Court took the matter under advisement. Being now fully advised in the matter, the Court makes this order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I. BACKGROUND

The debtors Jeffrey A. Foldenaur and Holly Ann Foldenaur filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 5, 2008. The first meeting of creditors pursuant to § 341 was held on December 11, 2008. Pursuant to 11 U.S.C. § 704(b)(1)(a), the UST reviewed information provided by the debtors and

filed a statement of presumed abuse on December 22, 2008. The present motion for dismissal under § 707(b)(2) and § 707(b)(3) was timely filed within thirty days of the initial 10–day statement.

In the response to the UST motion to dismiss, the debtors asserted that the original schedules filed in the case were based on guesstimates, and attached as exhibits to the response a 2008 profit and loss statement and modified schedules based upon the financial statement. The debtors claimed that the accounting and revised schedules demonstrated that no presumption of abuse arose.

The response and attachments, however, were not verified and no amended schedules were ever filed in the case. Local Rule 9013–2 provides, in relevant part, that "[a]ny entity opposing a motion and wishing to be heard shall file and serve a response, which shall include a concise memorandum of facts and law and, if facts are at issue, an opposing affidavit." LR 9013–2(b).[1] Verifications and affidavits, as defined by the Local Rule, "shall be made on personal knowledge, set forth only facts that would be admissible in evidence, and show affirmatively that the affiant or verifier is competent to testify to the matters stated," and that "[a]n attorney shall not verify documents to be filed except with respect to facts of which the attorney has personal knowledge." L.R. 9013–2(d). Accordingly, the entire response as filed is essentially deficient and not a cognizable aspect of this determination.

Moreover, counsel for the debtor insisted at the hearing that the matter did not present issues of fact and that there was no need for an evidentiary hearing, in spite of repeatedly offering fact based arguments against the UST motion. The response having failed to address the UST motion with any specificity, and the debtor submitting the matter as determinable based upon the pleadings and record, the Court must therefore consider the question based upon the UST's particular § 707(b)(2) income and expense evaluations and proposed adjustments based upon the petition and schedules as originally filed. As set forth below, the appropriate result is dismissal.

## II. DISCUSSION

Section 707(b)(1) provides that the Court may dismiss a case filed by an individual whose debts are "primarily consumer debts," if it finds that granting relief would be an abuse of the provisions of Chapter 7. *See* 11 U.S.C. § 707(b)(1). Pursuant to § 707(b)(2)(A)(i), the Court presumes that the debtors' Chapter 7 filing is an abuse if current monthly income (CMI) reduced by allowed deductions and multiplied by sixty is equal to or greater than 25% of nonpriority unsecured claims or $6,000, whichever is greater, or if the adjusted CMI is greater than $10,950. In other words, if after deducting all allowable expenses, the debtor has less than $100 per month in disposable income, then the filing is not presumed abusive. If the debtors have monthly disposable income of more than $182.50, then the filing is presumed abusive. If monthly disposable income is between $101 and $182.50, then the case will be presumed abusive if that sum, when multiplied by sixty, will pay 25% or more of the debtors' non-priority unsecured debts. *See* 11 U.S.C. § 707(b)(2)(A)(i).

Based upon the UST's means test adjustments applied to the debtors' income and expenses in this case, the UST claims

---

1. Besides being unverified, the response al so did not include a memorandum of facts and law.

that the debtors have $3,943.77 per month disposable income which, when paid over a sixty month plan, totals $236,626.20, and would repay all unsecured debt as listed on the debtors' Schedule F. All of the UST adjustments, essentially unchallenged or otherwise not adequately or properly rebutted by the debtors, are prima facie appropriate. Each recalculation made by the UST represents either a correction based upon the actual information provided by the debtors' schedules, or an adjustment based upon missing or unverified information.

Based upon the debtors' pay statements for the prior six months, the UST determined that the income figures included on Lines 12 and 18 of the debtors' form B22A were understated and amended the debtors' CM I, increasing it to $13,519.74. The UST determined that the debtors' entry for Line 19A, "National Standards: food, clothing and other items," claiming total monthly expenses of $1,370, was correct and did not make an adjustment. With respect to Line 19B, "National Standards: Health Care," the UST determined that the debtors' claim of $57 was erroneous for a household of four and increased the figure to the correct amount of $228.

On Line 20A, "Local Standards: housing and utilities, non-mortgage expenses," the UST determined that the debtors used the correct IRS standard of $473 and made no adjustment. On Line 20B, "Local Standards: housing and utilities, mortgage/rent expenses," the debtors improperly added the standard to the house payment instead of subtracting it to produce the amount by which the IRS standard exceeded the house payment. Because the debtors' house payment is greater than the standard, the UST determined that the debtors may not claim an expense on this line in addition to the actual house payment allowed on Line 42, and therefore adjusted the Line 20B entry from $5,011 to zero.

With respect to Line 22A, "Local Standards: transportation; vehicle operation/public transportation expense," the UST determined that the debtors incorrectly asserted a $374 monthly expense because the schedules indicate ownership of only one car, and therefore reduced the expense to the $187 permitted for one car. With respect to Lines 23 and 24, the vehicle ownership/lease expense, the UST determined that the debtors added the monthly payment to the IRS standard, rather than calculating the difference, and therefore reduced the allowable expense from $829 to $310.83, based upon available information.[2]

On Line 25, "Other Necessary Expenses: taxes," the UST determined that, based upon a review of the debtors' pay statements, the claimed tax expenses were understated, and made an adjustment increasing the entry from $600 to the correct $1,539.99. Conversely, on Line 26, "Other Necessary Expenses: Mandatory Payroll Deductions," the UST found no applicable mandatory payroll deduction expenses and therefore reduced the expense from $100 to zero. On Line 42, "Payments on Secured Claims," the UST adjusted the claimed monthly expense, based upon a review of debtors' Schedules D and J, reducing it from $3,640 to $3,396.13.

The UST reduced several expenses to zero based upon a lack of supporting infor-

2. The UST calculated the appropriate ownership/lease expense based upon the balance owing on the vehicle, divided by the monthly payment and considering approximately 32 months remaining on the note (32 × 334 = $10,688 ÷ by 60 months = $178.14, subtract-ed from the IRS standard of $489.00 = $310.86). The UST apparently requested loan documents for the vehicle to obtain a more accurate calculation. However, debtor counsel purportedly did not respond to the written request.

mation and purportedly no response from debtor counsel when requested to submit documentation to verify the claimed expenses. These adjustments were made with respect to Line 27, "Other Necessary Expenses: Court Ordered Payments," reduced from claimed total monthly tax expenses of $1,500 to $0.00; Line 31, "Other Necessary Expenses, Health Care," reduced from a claimed expense of $150 to $0.00 per month; Line 32, "Other Necessary Expenses: Telecommunications Services," reduced from a claimed monthly expense of $250 to $0.00; Line 34, "Health Insurance, Disability Insurance and Health Savings Account Expenses," the claimed monthly expense of $320 eliminated; and Line 37, "Home Energy Costs," the claimed monthly expense in excess of the IRS standard of $450 eliminated. Finally, the UST changed the entry for Line 45, the projected average monthly Chapter 13 administrative expenses, based upon all of the other adjustments, by increasing the expense from zero to $347.60.

Based upon the United States Trustee's thorough review of the debtors' schedules and available information, it appears that the debtors have the ability to repay as much as $3,943.77 per month under a Chapter 13 plan. Even without consideration of the adjustments suggested under the § 707(b)(2) analysis, the debtors' own schedules suggest disposable income sufficient to fund a proposed Chapter 13 plan. While schedules I and J indicate a monthly net shortfall of $492, the net income is calculated after including a monthly garnishment deduction of $1,364. The garnishment would be stayed under either Chapter 7 or 13, and therefore, at a minimum, the debtors' net monthly income calculation is understated by $1,364, resulting in monthly disposable income of at least $872.

With no more and no less than the pleadings and record available, the debtors having submitted no legitimate response or supporting documentation to counter the sound argument and analysis made by the UST, and the debtors having rejected the opportunity to submit evidence, the appropriate outcome is patent. The motion for dismissal being properly brought pursuant to § 707(b)(2), the Court need not address the motion under § 707(b)(3).

### III. DISPOSITION
IT IS HEREBY ORDERED:

1. The United States Trustee's motion for dismissal is granted; and

2. Bankruptcy case 08–35831 is dismissed pursuant to 11 U.S.C. § 707(b)(2).